UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LESLEY RICHARDSON,

Plaintiff,

v.

IMAGE SENSING SYSTEMS, INC., a foreign corporation,

Defendant.

CASE NO. C10-5629BHS

ORDER DENYING PLAINTIFF'S MOTION FOR GRANT OF A JURY TRIAL AND GRANTING PLAINTIFF'S MOTION TO STRIKE

This matter comes before the Court on Plaintiff Lesley Richardson's ("Richardson") motions for grant of a jury trial and to strike. Dkts. 10 & 13. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for grant of a jury trial and grants the motion to strike for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 2, 2010, Richardson filed a complaint in Pierce County Superior Court against Image Sensing Corporation, Inc. ("Image"). Dkts. 10 & 11-1. According to Richardson, because the Washington Superior Court Civil Rules permit a plaintiff to submit a jury demand at any time before trial (WASH. CIV. R. 38(b)), and Pierce

County Local Rules set the deadline for jury demand in the case schedule, (*see* PCLR 38(b)), Richardson's original complaint did not include such a demand. *See* Dkts. 10 at 3 & 11-1. The Pierce County Superior Court case schedule provided a jury demand date of February 7, 2011. Dkts. 11 & 11-2.

On September 2, 2010, Image removed the case to federal court based on diversity jurisdiction. Dkt. 1. On September 9, 2010, Image filed its answer. Dkt. 3. On December 14, 2010, the parties' counsel conferred on the joint status report and discovery plan. Dkt. 7 at 2 ¶ 5. On January 13, 2011 the parties brought the disputed issue regarding the demand for jury trial to the Court's attention. *Id.* at 4 ¶ 12. On January 18, 2011, the Court issued an Order to Show Cause why Richardson's right to request a jury trial was not waived pursuant to Rules 38(b) and 81(c)(3)(B) of the Federal Rules of Civil Procedure. Dkt. 8. On February 1, 2011, Richardson filed a motion for grant of a jury trial in response to the show cause order. Dkt. 10. On February 14, 2011, Image filed a response (Dkt. 12), and on February 18, 2011, Richardson replied and included a motion to strike Image's statement of facts contained in its response. Dkt 13.

**II. FACTUAL BACKGROUND**

Richardson maintains that "counsel had intended to file a Jury Demand in this case on September 7 [or 8], 2010, had drafted the document, and believed she had filed it." Dkts. 10 at 2 & 11 at 2 ¶ 5. Despite counsel's intent, Richardson concedes that there has been no jury demand in this case and that this motion is the first request for jury demand filed with this Court. Dkt. 10 at 2. Nonetheless, Richardson maintains that "she has not intentionally waived her right to a jury trial." Dkt. 10 at 2.

In a declaration attached in support of Richardson's motion, Richardson's counsel attests that "to the best of [her] recollection the demand was filed" and that she "reviewed [her] email and [could not] locate a filing receipt from the Court." Dkt. 11 at

2 ¶ 5. In addition, Richardson's counsel attached a copy of a demand for a jury trial she was preparing to her declaration.[1] Dkt. 11-3.

**III. DISCUSSION**

Richardson argues that the Court should use its discretion under Rule 39(b) of the Federal Rules of Civil Procedure to order a jury trial despite her failure to submit a proper jury demand. Dkt. 10 at 3. Image contends that Richardson's failure to make and serve a timely jury demand constitutes a waiver of her right to jury trial. *See* Dkt. 12 at 2. Image also asserts that Richardson's motion for a jury trial should be denied because the failure to make a timely demand resulted from "inadvertence, oversight and neglect." Dkt. 12 at 4. Accordingly, the question before the Court is whether Richardson's reasons for failing to timely file her jury demand warrant an exception to the deadline for such filings.

**A. Motion to Strike**

As an initial matter, because the Court does not rely on Image's statement of facts to decide Richardson's motion, the Court grants Richardson's motion to strike. Dkt. 13 at 2.

**B. Motion for Grant of a Jury Trial**

Richardson's argument in support of her untimely demand for a jury trial relies on the discretion given to district courts in the Federal Rules of Civil Procedure and the presumption against waiver of the right to a jury trial declared in the Seventh Amendment to the United States Constitution. See Dkt. 10 at 3-4. First, Richardson argues that her motion should be granted because, under Rule 39(b), the Court has the discretion to "order a jury trial on any issue for which a jury trial might have been demanded" even when it is not properly demanded. Dkt. 10 at 3; Fed. R. Civ. P. 39(b).

---

[1]The Court notes that the document submitted identifies a judge different from the undersigned and identifies plaintiffs not involved in this action.

Next, Richardson states that Rule 6(b) "provides that the Court may for good cause extend a time period set out by the rules for good cause shown, on motion after the time has expired if the party failed to act because of excusable neglect." Dkt. 10 at 3 (quoting Fed. R. Civ. P. 6(b)(1)(B)). Richardson also argues that because the right to a jury trial is a "fundamental" constitutional right, there is a "presumption against unintended waivers" of that right. Dkt. 10 at 4 (quoting *Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981); *Mondor v. United States District Court*, 910 F.2d 585, 587 (9th Cir. 1981)). Finally, Richardson contends that "most Circuit Courts of Appeal" support granting a Rule 39(b) motion in the absence of "strong and compelling reasons for denial" (Dkt. 10 at 4), but Richardson acknowledges that the law in the Ninth Circuit is "more restrictive." *Id.* In the Ninth Circuit, "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pac. Fisheries Corp*. v. *HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001).

**1. Inadvertence or Oversight**

In the Ninth Circuit a "district court's discretion under Rule 39(b) is narrow and 'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence' such as a good faith mistake." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002) (quoting *Pac. Fisheries Corp.*, 239 F.3d at 1002-03 (9th Cir. 2001)). This standard applies to all untimely jury demands, whether the missed deadline is found in Rules 38(b) or 81(c). *See Pac. Fisheries*, 239 F.3d at 1002.

Image argues that, under Ninth Circuit law, Richardson's "untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." Dkt. 12 at 3 (quoting *Pac. Fisheries*, 239 F.3d at 1002). Richardson contends that the Court should grant her request because, while the "demand was not properly filed, . . . it was not the result of Counsel's inadvertence or oversight." Dkt. 10 at 3. To prove

"[p]laintiff's counsel did not simply fail to file the demand as a result of inadvertence," Richardson cites two district court cases and *Pac. Fisheries.* Dkt. 10 at 4. She argues that these cases establish that courts find inadvertence when "counsel" fails to file a jury demand because "he/she was not aware of the deadline set out in the rules as a result of not reading the rules or misreading the rules, or he/she simply failed to file a demand without explanation." *Id*. at 4-5.

Richardson attempts to distinguish her situation from the cases she cites based on the fact that Richardson's counsel believed that she had filed the demand and claims that for "reasons unknown" the jury demand "appears not to have made it through the electronic system." Dkt. 10 at 5. Richardson asserts that this is not the same kind of "inadvertence as described in the cases in which Plaintiff's FRCP 39(b) motion is denied, counsel did not simply forget or fail to read the rules." *Id.* Richardson also points to the jury demand she claims was prepared for this case (*see* Dkt. 11-3 at 2) as evidence of counsel's intent to file a jury demand. Dkts. 10 & 11. In addition, as evidence of her counsel's belief that the jury demand had been filed in compliance with the rules, Richardson points to a statement made by her counsel to Image at the conference on December 14, 2010, that counsel had "requested a jury trial." Dkt. 14 at 1 ¶ 2. Richardson also maintains "that counsel has never experienced a problem with the electronic filing system in the past." *Id* at ¶ 3.

Richardson's arguments fail to demonstrate how the untimely jury demand is not inadvertence or oversight on the part of counsel. First, Richardson's evidence seems to undercut her own argument. If Richardson's counsel knows the rules and has experience with the electronic filing system, Richardson's counsel knows how to assure a proper jury demand is filed. She states in her declaration that she thought she had filed the document but that she has since gone back and checked her email "and cannot locate a filing receipt from the Court." Dkt. 11 at 2. Thus, Richardson's counsel admits that she

knows that when a document is properly filed electronically, a receipt of such filing would be sent to her email. *See id.*; *see also* U.S. District Court, Western District of Washington, Electronic Filing Procedures for Civil and Criminal Cases, Section I.B. *available at* http://www.wawd.uscourts.gov/electronicfiling/ecfhomepage.htm (stating that "'Notice of Electronic Filing' is an e-mail verification of the court's receipt of the electronic pleading, as well as official notice of the filing to all other parties"). The fact that Richardson's counsel failed to ensure that the document was properly filed is inadvertence and/or an oversight on her part. Because Richardson's counsel knew the rules and was familiar with the filing procedure, it appears to the Court that counsel's failure to file a timely jury demand, intentional or not, was either carelessness or an oversight on the part of counsel.

Second, Richardson's reliance on case law to argue that a finding of inadvertence is limited to ignorance or misapplication of the rules, is misplaced. While Richardson's counsel may be able to distinguish her reasons for error from those reasons given in the cases cited, this distinction is irrelevant. In *Pac. Fisheries*, the Ninth Circuit concluded that "counsel's reasons for his [or her] errors are of no consequence," concluding that good faith mistakes of law and good faith mistaken beliefs about what is necessary for a proper jury demand are still inadvertence or oversight. *See* 239 F.3d at 1002-1003; *see also Zivkovic*, 302 F.3d at 1087 (concluding that despite the leeway given to a pro se party, a good faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand); *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 905 (9th Cir. 1982) (finding that attorney's mistaken belief that no demand was necessary was nothing more than inadvertence and neglect). Further, rather than the limited definition offered by Richardson, *Black's Law Dictionary* defines inadvertence as "an accidental oversight; a result of carelessness." *Black's Law Dictionary* 774 (Eighth ed. 2004).

Richardson fails to demonstrate, either in her motion or supporting documents, how her counsel's actions were anything other than an accidental oversight or carelessness. *See* Dkts. 10 & 13. Where counsel's inadvertence or oversight is the only reason shown to excuse an untimely demand for a jury trial, there is no basis upon which the Court may grant relief. *See Pac. Fisheries*, 239 F.3d at 1002 (citing *Lewis v. Time, Inc.*, 710 F.2d 549, 556-57 (9th Cir. 1983), overruled on other grounds by *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1052-53 (9th Cir. 1990)).

**2. Presumption Against Unintended Waiver**

The Court is cognizant of the strong presumption against "unintended waivers of the right to a jury trial." *Mondor v. U.S. District Court*, 910 F.2d 585, 587 (9th Cir. 1990). However, the Court cannot disregard this circuit's prohibition on granting untimely jury demands due to inadvertence of counsel. *See Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997) (recognizing that the Ninth Circuit prohibits district court judges from granting jury trials under Rule 39(b) where the failure to demand resulted from mere inadvertence by careless lawyers). Here, Richardson failed to show how the untimely jury demand is a result of anything but her counsel's oversight or inadvertence and therefore, her request cannot be granted.

**3. *Ruiz* factors**

The Court need not consider Richardson's *Ruiz* factors argument about what criteria should be used in deciding a motion requesting leave to file an untimely jury demand because the argument is moot. Dkt. 10 at 5 (citing *Ruiz v. Rodriguez*, 206 F.R.D. 501 (E.D. Cal. 2002)). In *Ruiz*, the court found, as a threshold matter, that the plaintiff's failure to comply with the requirements of Rule 38(b) was not the result of oversight or inadvertence by counsel or plaintiff. *Ruiz*, 206 F.R.D. at 505. Here, *Ruiz* is not relevant because Richardson failed to show how her untimely jury demand was the result of anything other than an oversight or inadvertence by her counsel.

**4. Rule 6(b)(1)(B)**

The Court notes that while Richardson cites Rule 6(b) as a source for the Court's discretion in her motion, Richardson's only argument related to this rule is the fact that there is a constitutional right to a jury trial and a presumption against waiver of such right (as discussed above) and that good cause has been shown to extend the filing deadline. *See* Dkt. 10. Because Richardson has failed to show that the untimely jury demand was due to excusable neglect as required by Rule 6(b), her request that the Court exercise its discretion to extend the filing deadline for the jury demand under that rule must be denied.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Richardson's motion to strike Image's statement of facts is **GRANTED** and Richardson's motion for leave to file a jury demand is **DENIED**.

DATED this 16th day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge